IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

JONATHAN JOY,

    Plaintiff,

v.                                        No. 1:22-cv-01186-JDB-jay

JIMMY SAIN, *et al.*,

    Defendants.

---

ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION,
GRANTING DEFENDANTS' MOTIONS TO DISMISS,
DENYING REMAINING PENDING MOTIONS,
AND DISMISSING CASE

---

Before the undersigned are the timely objections of the pro se Plaintiff, Jonathan Joy, to the August 11, 2023, report and recommendation ("R&R") of United States Magistrate Judge Jon A. York recommending that the Defendants' motions to dismiss be granted and that the remaining pending motions be denied.[1]  (Docket Entry ("D.E.") 61.)

When objections are filed with respect to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); LR 72.1(g)(2).  The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b)(3); LR 72.1(g)(2).  Objections must be specific. *Hosseinipour v. State Med. Bd.*

---

[1] In accordance with Administrative Order 2013-05, the suit was referred to Judge York for management of all pretrial matters.

*of Ohio*, No. 09-3953, 2010 WL 11807378, at *1 (6th Cir. Mar. 25, 2010).  An objection that "does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before," is insufficient.  *Brown v. City of Grand Rapids, Mich.*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017).  Moreover, "[t]he filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."  *Slater v. Potter*, 28 F. App'x 512, 513 (6th Cir. 2002).  "[O]bjections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995).  The Court has conducted a de novo consideration of Plaintiff's objections to those portions of the R&R to which objections have been properly made.  The objections are hereby OVERRULED and the R&R is ADOPTED.

Plaintiff, who is black, has alleged that he sought public records from Hardeman County, Tennessee, officials and was told to "fuck off."  (D.E. 15 at ¶ 12.)  He further averred that, in retaliation for his records request, (1) a law enforcement officer told him at a local gas station that he had "a bullet with the Plaintiff's name on it" and if he did not do it, he would get someone else to; (2) he received threatening posts and messages on social media; and (3) he was told by someone that "snitches get stitches" in a threatening manner.  (*Id.* ¶¶ 13-15.)  These incidents, he claims, amounted to violations of the United States Constitution and state law.

Joy's objections focus on the recommendation that his claims be dismissed.  It is clear that he disagrees with the magistrate judge's conclusion that none of his claims satisfy the standard applicable to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  However, he fails to provide a basis to reject or modify Judge York's findings or recommendation beyond identifying legal conclusions with which he takes issue.  This is insufficient to constitute

2

a proper objection. *See Tucker v. Perry*, No. 1:21-cv-00073, 2023 WL 5022668, at *1 (M.D. Tenn. Aug. 7, 2023) (mere disagreement with magistrate judge's legal conclusions is not an "objection" for § 636 purposes).

The primary crux of Plaintiff's challenge with respect to the dispositive motions appears to be Judge York's recommendation that leave to amend his complaint be denied. Fed. R. Civ. P. 15 instructs the courts to "freely" give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Although it is true that "the thrust of [the rule] is that cases should be tried on their merits rather than the technicalities of pleadings," *United States ex rel. Harper v. Muskingum Watershed Conservancy Dist.*, 842 F.3d 430, 439 (6th Cir. 2016) (quoting *Jet, Inc. v. Sewage Aeration Sys.*, 165 F.3d 419, 425 (6th Cir. 1999)) (cleaned up), a court may deny leave to amend "when the amendment would be futile," *Baaghil v. Miller*, 1 F.4th 427, 432 (6th Cir. 2021) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). A proposed amendment is futile if the amendment could not survive a Rule 12(b)(6) motion to dismiss. *Harper*, 842 F.3d at 440 (citing *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)). The liberality to be afforded a pro se litigant's pleadings does not divest the court of its discretion to deny amendment on futility grounds. *Donaldson v. DeJoy*, 1:20-CV-12775-TGB-PTM, 2022 WL 9446819, at *2 (E.D. Mich. Oct. 14, 2022). Nor does it require the court to "conjure allegations on a litigant's behalf[.]" *Erwin v. Edwards*, 22 F. App'x 579, 580 (6th Cir. 2001)).

Here, the magistrate judge carefully and thoroughly explained the reasons why amendment of Plaintiff's complaint would be futile--an analysis with which the Court agrees. In his objection, Joy offers no insight into what additional facts, if any, he would include in an amended pleading. Consequently, the Court finds the objection regarding leave to amend to be without merit.

Therefore, the motions to dismiss the complaint are GRANTED, the remaining pending motions are DENIED, and this matter is DISMISSED. The Clerk is DIRECTED to enter judgment for Defendants.

IT IS SO ORDERED this 11th day of September 2023.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE
